UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVAR BROWN,<br><br>          Petitioner,<br><br>    v.<br><br>JERRY BROWN, et al.,<br><br>          Respondents. | Case No. CV 16-3598 VAP(JC)<br><br>(~~PROPOSED~~) ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

## I. SUMMARY

On May 24, 2016, Levar Brown ("petitioner"), a state inmate proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Petition"), challenging his conviction in Los Angeles County Superior Court Case No. BA426270, in which he was sentenced on February 1, 2016. (Petition at 2). It plainly appears from the face of the Petition that petitioner's direct appeal of the foregoing conviction is currently pending (Petition at 3), and accordingly, that he is not entitled to federal habeas relief on his claims at this time.

As explained below, in light of the pendency of petitioner's direct appeal, this Court must abstain from considering petitioner's claims pursuant to Younger

v. Harris, 401 U.S. 37 (1971)[1] and must dismiss this action without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

## II. DISCUSSION

Except under narrow circumstances, federal courts abstain from interfering with pending state criminal proceedings. See Younger v. Harris, 401 U.S. 37 (1971); see also 28 U.S.C. § 2283. Younger abstention is appropriate if: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to resolve federal questions. Dubinka v. Judges of Superior Ct., 23 F.3d 218, 223 (9th Cir. 1994) (quotations and citations omitted). In this case, all three of the Younger criteria are satisfied.

First, petitioner's state criminal proceedings are ongoing as his direct appeal remains pending in the California Court of Appeal. See Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) (only in most unusual circumstances is defendant entitled to have federal interposition by way of injunction or habeas corpus until after jury comes in, judgment has been appealed from and case concluded in state courts); Roberts v. Dicarlo, 296 F. Supp. 2d 1182, 1185 (C.D. Cal. 2003) (Younger abstention appropriate where petitioner's direct appeal pending in state court of appeal).

///
///

---

[1] Federal courts may raise Younger abstention *sua sponte*. See Hoye v. City of Oakland, 653 F.3d 835, 843 n.5 (9th Cir. 2011).

[2] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."

1    Second, the state has an important interest in passing upon and correcting violations of a defendant's rights. See Roberts, 296 F. Supp. 2d at 1185 (citation omitted).

    Third, petitioner has an adequate opportunity in the state proceedings, including state appellate proceedings, to resolve any federal questions that may have arisen during the proceedings. See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (where vital state interests involved, federal court should abstain unless state law clearly bars interposition of constitutional claims) (citations and quotations omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 253 (9th Cir. 1992) (doctrine of abstention precludes party from obtaining relief in federal court simply because  party disagrees with result reached by state courts); Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) (federal court should assume state procedures will afford adequate opportunity for consideration of constitutional claims in absence of unambiguous authority to contrary).

    Because the Younger requirements are satisfied, this Court must abstain and dismiss this action unless extraordinary circumstances exist. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 n.22 (1976) (Younger abstention not discretionary once conditions met); World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1081 (9th Cir. 1987) ("When a case falls within the proscription of Younger, a district court must dismiss the federal action.") (citation omitted).  Here, neither the claims asserted by petitioner, nor anything else in the record suggest the existence of extraordinary circumstances.  See Younger, 401 U.S. at 45-46.

    Consequently, this Court must abstain from considering petitioner's challenges to his conviction and dismiss this action without prejudice.

///
///

## III. ORDER

IT IS THEREFORE ORDERED that the Petition is dismissed without prejudice, that Judgment be entered accordingly, and that any pending motions be terminated.

DATED: June 7, 2016_____

_____
HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented by:[3]


_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[3] Pursuant to Local Rule 72-3.2, the Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge.